KSC/06.18.19
CMR: 2019R00136

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. ELH-19-302 |
| v. | * | |
| | * | |
| JARREL LAMONT ANDERSON, | * | (Conspiracy to Distribute and Possess |
| JASON EDWARD HUNT, | * | with Intent to Distribute Cocaine and |
| JAMES RICHARD MORGAN, | * | Cocaine Base, 21 U.S.C. § 846; |
| | * | Possession with Intent to Distribute |
| | * | Cocaine Base, 21 U.S.C. § 841; |
| | * | Possession of a Firearm in |
| Defendants. | * | Furtherance of a Drug Trafficking |
| | * | Crime, 18 U.S.C. § 924(c); Possession |
| | * | of a Firearm by a Prohibited Person, |
| | * | 18 U.S.C. § 922(g)(1); Possession with |
| | * | Intent to Distribute Cocaine and |
| | * | Cocaine Base, 21 U.S.C. § 841; |
| | | Forfeiture, 21 U.S.C. § 853, 28 U.S.C. |
| | | § 2461(c), Fed. R. Crim. P. 32.2.(a)) |

*******

## INDICTMENT

### COUNT ONE
### (Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base)

The Grand Jury for the District of Maryland charges that:

1.      From in or about 2011 to on or about April 23, 2019, in the District of Maryland,

the defendants,

**JARREL LAMONT ANDERSON,
JASON EDWARD HUNT,
and
JAMES RICHARD MORGAN,**

did knowingly, willfully, and unlawfully combine, conspire, confederate and agree with one

another and with others known and unknown to the Grand Jury to distribute and possess with intent

to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II

controlled substance, and a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21 of the United States Code Section 841.

21 U.S.C. § 846

2.    With respect to **JARREL LAMONT ANDERSON**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance in violation of 21 U.S.C. § 841(b)(1)(B).

3.    With respect to ~~JAMES~~ JASON ~~EDWARD~~ **HUNT**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A).

4.    With respect to **JAMES RICHARD MORGAN**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B).

## COUNT TWO
### (Possession with Intent to Distribute Cocaine Base)

The Grand Jury for the District of Maryland further charges that:

On or about April 23, 2019, in the District of Maryland, the defendant,

### JARREL LAMONT ANDERSON,

did knowingly and intentionally possess with intent to distribute 28 grams or more of a mixture or

substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in

violation of 21 U.S.C. § 841(a).

21 U.S.C. § 841(a) & (b)(1)(B)

## COUNT THREE
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or about April 23, 2019, in the District of Maryland, the defendant,

### JARREL LAMONT ANDERSON,

did knowingly possess a firearm, specifically an ATM Automag .22 caliber pistol with serial number GDA00685, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute cocaine base, 21 U.S.C. § 841, as alleged in Count Two of this Indictment.

18 U.S.C. § 924(c)

4

## COUNT FOUR
### (Felon In Possession of a Firearm)

The Grand Jury for the District of Maryland further charges that:

On or about April 23, 2019, in the District of Maryland, the defendant,

### JARREL LAMONT ANDERSON,

possessed in and affecting commerce a firearm and ammunition, that is, an AMT Automag .22

caliber firearm with serial number GDA00685, having previously been convicted of a crime

punishable by imprisonment for a term exceeding one year, and did so knowingly.

18 U.S.C. § 922(g)

5

**COUNT FIVE**
**(Possession with Intent to Distribute Cocaine and Cocaine Base)**

The Grand Jury for the District of Maryland further charges that:

On or about April 23, 2019, in the District of Maryland, the defendant,

**JAMES RICHARD MORGAN,**

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture

or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and

28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a

Schedule II controlled substance, in violation of 21 U.S.C. § 841(a).

21 U.S.C. § 841(a) & (b)(1)(B)

6

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461 (c), in the event of the defendants' convictions under Count One of this Indictment.

### Narcotics Forfeiture

2.      As a result of the offenses set forth in Counts One, Two, and Five, incorporated herein, the defendants shall forfeit

      a.   any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

      b.   any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3.      The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### Substitute Assets

4.      If any of the property described above, as a result of any act or omission of any defendant,

      a.   cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or,

e.  has been commingled with other property which cannot be subdivided without

    difficulty

the United States of America shall be entitled to forfeiture of substitute property.

21 U.S.C. § 853
28 U.S.C. § 2461(c)

_Robert K. Hur_
ROBERT K. HUR
UNITED STATES ATTORNEY

A TRUE BILL:

**SIGNATURE REDACTED**

(
FOREPERSON

_June 19, 2019_
DATE

8